IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

WALKER MACMILLAN,

    Plaintiff,

v.

PIZZA CONNECTION, INC., a Florida profit corporation,
STEPHANIE SETTICASI, individually,
and STEVE SETTICASI, inividually,

    Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, WALKER MACMILLAN ("Plaintiff" or "MacMillan"), by and through his undersigned attorney, hereby files this lawsuit against Defendants, PIZZA CONNECTION, INC., a Florida profit corporation, STEPHANIE SETTICASI, individually, and STEVE SETTICASI, individually, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §206 [FLSA].

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Palm Beach County, Florida.

5. Defendant, PIZZA CONNECTION, INC. ("PCI") has a principal address at 132 Island Drive, Ocean Ridge, Florida 33435.

6. Defendant, STEPHANIE SETTICASI is believed to be a resident of Palm Beach County, Florida.

7. Defendant, STEVE SETTICASI is believed to be a resident of Palm Beach County, Florida

8. This cause of action arose in Palm Beach County, Florida.

9. Palm Beach County, Florida is proper venue for this action because Plaintiff reside in Palm Beach County and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Palm Beach County, Florida.

10. Defendants failed to pay Plaintiff the mandatory overtime wages as required under federal law.

11. Defendants have an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

12. Defendants, at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

13. Plaintiff job duties were such that he himself was individually engaged in commerce.

## JOINT EMPLOYERS

14. Defendant STEPHANIE SETTICASI is the Director/President of Pizza Connection, Inc. (*See true and correct copy of Florida Department of State Division of Corporations Information on Pizza Connection, Inc., attached hereto as **Exhibit "1."**)*

15. Defendant STEVE SETTICASI operated aspects of the company, made company business and financial decisions, as well as controlled payment to employees, scheduling employees which included the Plaintiff.

16. Steve Settiticasi had operation control over the corporate defendant's business and Ms. Stepanie Setticasi is an officer of the company. As such both are deemed joint employers.

17. Defendant PCI issued Plaintiff's paychecks.

18. At all times relevant, Individual Defendants were otherwise charged with the responsibility of paying wages to the Plaintiff and/or making decisions about and directing his work.

19. Defendants and each of them are employers under the definition of the Fair Labor Standards Act.

## COMMON ALLEGATIONS

20. Plaintiff has worked for Defendant from April 19, 2021, up to and including his separation on or about May 7, 2021.

21. Plaintiff held the position of Customer Service Representative.

22. Plaintiff's job duties included working as a server and driver.

23. At the time of hire, Defendants promised Plaintiff he would be compensated at the rate of $8.50 per hour.

24. Plaintiff was not been paid for any of his hours worked.

25. Plaintiff documented his hours worked through May 7, 2021, when he was finally added to the company time clock.

26. According to Plaintiff's records, from April 19, 2021 until May 7, 2021, he is owed unpaid wages for 52 hours worked; a total of $450.00.

27. Plaintiff further believes the time clock used by Defendants' will reflect additional unpaid hours worked by Plaintiff

28. To date, Defendants have failed to compensate Plaintiff for wages owed while employed with Defendants.

## COUNT I
## UNDERPAYMENT
## IN VIOLATION OF THE FLSA 29 U.S.C. § 206
## AGAINST PCI

29. Plaintiff incorporates by reference paragraphs 1-28 all allegations of this Complaint as if set forth fully herein.

30. Plaintiff is a covered employee entitled to compensation for all hours worked at the agreed upon rate.

31. Plaintiff worked without the benefit of being paid the minimum wage as set forth in federal law.

32. Defendant failed to compensate Plaintiff at least minimum wage.

33. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

34. Defendant's failure to pay Plaintiff proper wages was the result of intentional, willful misconduct, such that Plaintiff is entitled to minimum wage payments for the entire period of his employment.

35. Plaintiff is also entitled to liquidated damages as set forth under the FLSA.

36. As a direct and proximate result of the Defendant's action, the Plaintiff obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

37. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

38. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees, and other penalties

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

**COUNT II**
**UNDERPAYMENT**
**IN VIOLATION OF THE FLSA 29 U.S.C. § 206**
**AGAINST STEPHANI SETTICASI**

39. Plaintiff incorporates by reference paragraphs 1-28 all allegations of this Complaint as if set forth fully herein.

40. Plaintiff is a covered employee entitled to compensation for all hours worked at the agreed upon rate.

41. Plaintiff worked without the benefit of being paid the minimum wage as set forth in federal law.

42. Defendant failed to compensate Plaintiff at least minimum wage.

43. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

44. Defendant's failure to pay Plaintiff proper wages was the result of intentional, willful misconduct, such that Plaintiff is entitled to minimum wage payments for the entire period of his employment.

45. Plaintiff is also entitled to liquidated damages as set forth under the FLSA.

46. As a direct and proximate result of the Defendant's action, the Plaintiff obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the

prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

47. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

48. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees, and other penalties

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### COUNT III
### UNDERPAYMENT
### IN VIOLATION OF THE FLSA 29 U.S.C. § 206
### AGAINST STEVE SETTICASI

49. Plaintiff incorporates by reference paragraphs 1-28 all allegations of this Complaint as if set forth fully herein.

50. Plaintiff is a covered employee entitled to compensation for all hours worked at the agreed upon rate.

51. Plaintiff worked without the benefit of being paid the minimum wage as set forth in federal law.

52. Defendant failed to compensate Plaintiff at least minimum wage.

53. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

54. Defendant's failure to pay Plaintiff proper wages was the result of intentional, willful misconduct, such that Plaintiff is entitled to minimum wage payments for the entire period of his employment.

55. Plaintiff is also entitled to liquidated damages as set forth under the FLSA.

56. As a direct and proximate result of the Defendant's action, the Plaintiff obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

57. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

58. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees, and other penalties

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all triable issues.

Respectfully submitted this 3rd day of June 2021.

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard, Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020

        s/Cathleen Scott
        Cathleen Scott, Esquire
        Florida Bar No.: 135331
        Primary e-mail: CScott@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com
        *Attorney for Plaintiff*